UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MICHAEL L. McDONALD,<br><br>Petitioner,<br>v.<br><br>MICHELLE FREEMAN, *et al.*,<br><br>Respondents. | Case No. 2:19-cv-00380-MMD-PAL<br><br>ORDER |

This is a habeas corpus proceeding under 28 U.S.C. § 2254. Petitioner, Michael L. McDonald, has filed a motion for leave to proceed *in forma pauperis* (ECF No. 1), which shows that he is unable to pay the filing fee of $5.00 required to initiate this action. Accordingly, his motion for leave to proceed *in forma pauperis* will be granted.

The Court has reviewed this habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 cases and concludes that the petition will be dismissed without leave to amend. Rule 4 provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. *See Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can

1 be pleaded were such leave granted. *See Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

According to his petition, McDonald seeks to challenge convictions arising in Las Vegas Municipal Court. (ECF No. 1-1 at 1.) He raises four "grounds for relief" in his petition, each drafted in a rambling, nearly-incomprehensible manner. The first is a series of disconnected complaints about criminal proceedings against him and a denial that he committed acts for which he was convicted. (*Id.* at 6.) The second is a claim that one of his criminal cases should be "closed." (*Id.* at 8.) The third is a contention that felony charges in a separate case should be dismissed for various reasons. (*Id.* at 9.) The fourth is an allegation the family court judge in a domestic relations case related to his criminal case has "maliciously prosecuted" him. (*Id.* at 11.)

With respect to the municipal court convictions petitioner is nominally challenging, McDonald fails to plead or allege that he is in custody in violation of his rights under federal law. *See* 28 U.S.C. § 2254 (a federal court may provide a state prisoner habeas relief "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States"). In addition, a habeas petitioner must first present his federal claims to the highest state court available before proceeding in federal court. *See, e.g., Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). And to the extent McDonald seeks relief in relation to pending felony charges against him in another case, a federal court will not entertain a habeas petition seeking intervention in a pending state criminal proceeding, absent special circumstances. *See, e.g.*, *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Carden v. Montana*, 626 F.2d 82, 83-85 (9th Cir. 1980); *Davidson v. Klinger*, 411 F.2d 746 (9th Cir. 1969).

Because the foregoing defects cannot be cured by amendment, the Court concludes that it would be futile to grant McDonald leave to amend his petition. Accordingly, his petition will be dismissed.

1     It is therefore ordered that Petitioner's motion for leave to proceed *in forma*
2 *pauperis* (ECF No. 1) is granted. The Clerk of Court is directed to file the petition.

    It is further ordered that the petition for writ of habeas corpus is dismissed without leave to amend. The Clerk of Court is directed to enter judgment accordingly and close this case.

    It is further ordered that the Court declines to issue a certificate of appealability.

    It is further that the Clerk of Court will serve a copy of the petition and this order on the Respondents via the Nevada Attorney General.

    DATED THIS 8th day of March 2019.

    _____
    MIRANDA M. DU
    UNITED STATES DISTRICT JUDGE